Dilson VENTURA, Petitioner,

v.

UNITED STATES of America, Respondent.

No. CIV.A.03–40247–NMG.

United States District Court, D. Massachusetts.

Aug. 15, 2005.

David H. Hennessy, U.S. Attorney's Office, Worcester, MA, for United States, Respondent.

## MEMORANDUM & ORDER

GORTON, District Judge.

This petition for habeas corpus filed pursuant to 28 U.S.C. § 2255 follows the petitioner's guilty plea and sentence with respect to one count of conspiring to distribute over 50 grams of cocaine base. Petitioner, Dilson Ventura ("Ventura") seeks to vacate his sentence on the grounds that 1) his guilty plea was not knowing and voluntary and 2) he received ineffective assistance of counsel.

### I. *Background*

On November 29, 2000, Ventura was charged in a multi-count, multi-defendant indictment with six counts of conspiring to distribute cocaine base, possessing with intent to distribute cocaine base and distributing cocaine base. He entered into a plea agreement with the government and pled guilty to one count of conspiring to distribute cocaine base in violation of 21 U.S.C. § 846.

At the sentencing hearing, defendant objected to several recommendations contained in the pre-sentence report, including a four-level enhancement based upon his role in the offense as a recruiter of others to join the conspiracy and a two-level enhancement for obstruction of justice. The Court agreed with the recommendations of the Probation Office, found Ventura's total offense level to be 35, found his criminal history category to be I and sentenced him to 180 months in prison.

Ventura appealed and argued that the district court erred in imposing both enhancements to the base offense level and that, notwithstanding the lack of a motion from the government under § 5K1.1, the Court should have departed downward. The First Circuit Court of Appeals affirmed the sentence imposed by the district court.

On November 10, 2003, Ventura filed the instant petition for a writ of habeas corpus on the grounds that 1) his guilty plea was not knowing and voluntary and 2) he received ineffective assistance of counsel. The government filed an opposition. On January 12, 2005, petitioner filed a supplemental memorandum addressing issues raised by *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). That memorandum is, however, moot in light of *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) and will not be addressed.

### II. *Legal Analysis*

■ Petitioner's first argument (that his guilty plea was not knowing and voluntary) will be summarily rejected because it was not raised on direct appeal. *Bousley v. United States,* 523 U.S. 614, 621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) ("the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review"). As

such, the plea cannot be challenged in this Court. *Id.* In any event, the indictment, the plea agreement, the petitioner's responses to questions from the Court and the record as a whole make it painfully clear that everyone involved, including Ventura, knew that the charge related to cocaine base and not powder cocaine.

Petitioner's second argument is that his counsel was ineffective, in that:

1) he failed to object at the sentencing hearing when Ventura was sentenced for conspiracy to distribute cocaine base rather than powder cocaine,

2) he failed to prepare properly for trial,

3) he "induced" the defendant to plead guilty by promising him that he would receive a two-year sentence and would not be deported upon release,

4) he failed to request an evidentiary hearing to challenge the four-level enhancement based upon defendant's leadership role in the conspiracy,

5) he failed to review the pre-sentence report with defendant or to provide him with a copy of the plea agreement and

6) he was ineffective as a result of the cumulative effect of the above-mentioned errors.

Petitioner has submitted an affidavit in which he states that, but for the alleged ineffectiveness, he would not have pled guilty.

In general, under the so-called *Strickland* test, in order to succeed on a claim of ineffective assistance of counsel, the petitioner must prove that 1) counsel's performance fell below an objective standard of reasonableness and 2) the deficient performance prejudiced him. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In the context of a

guilty plea, the Supreme Court has explained that the second element:

> focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

The first claim of error asserted by the petitioner is an attempt to reinvigorate his argument that his guilty plea was not knowing and voluntary. As discussed above, it was eminently clear to all persons involved that the charge and the plea related to cocaine base. As such, counsel had no reason to challenge the plea on that ground and acted reasonably in avoiding the subject.

The second claim (that counsel did not prepare for trial) and the fourth claim (that counsel did not request an evidentiary hearing) fail to satisfy the second prong of *Strickland* because the petitioner has not argued that he was prejudiced by those alleged errors. Left entirely unclear is what, if anything, further trial preparation would have accomplished and what evidence, if presented at an evidentiary hearing, would have swayed the Court's decision with respect to the enhancements to the base offense level.

The third claim (that counsel induced the petitioner to plead guilty by misrepresenting his potential sentence) and fifth claim (that counsel did not review the pre-sentence report or plea agreement with petitioner) are flatly contradicted by the petitioner's own sworn testimony. At the plea colloquy, the government summarized the parties' written plea agreement

and the fact that the minimum mandatory sentence would be 10 years imprisonment. Ventura answered under oath that he understood and that the government's recitation accurately reflected his agreement with the government. The Court also asked Ventura whether any other promises had been made to him by anyone and he responded in the negative. Moreover, when asked whether he had discussed with counsel the plea agreement and the application of the sentencing guidelines to his situation, Ventura answered affirmatively. Thus, petitioner's own testimony undermines his claims of ineffective assistance and his third and fifth grounds for relief fail.

Finally, because grounds one through five are unavailing, so too is the sixth ground (the cumulative effect of those alleged errors). This petition for a writ of habeas corpus will be dismissed.

### ORDER

In accordance with the foregoing, the petitioner's Motion to Vacate, Set Aside or Correct Sentence (Docket No. 1) is **DENIED** and this petition is **DISMISSED**.

**So ordered.**